IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01717-WYD-MEH

JEANETTE ABEL,

      Plaintiff,

v.

POUDRE VALLEY HEALTH CARE. INC. d/b/a POUDRE VALLEY HEALTH SYSTEM,

      Defendant.

## STIPULATED PROTECTIVE ORDER

      Being fully advised, the Court hereby ORDERS:

      1.     This Stipulated Protective Order shall apply to all documents, electronically stored information ("ESI"), materials, and other information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information or data disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

      2.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a) and includes ESI. A draft or non-identical copy is a separate document within the meaning of this term.

      3.     As used in this Protective Order, a document may be designated "CONFIDENTIAL" if it contains: (a) PVHS patient information which qualifies or may qualify as protected health information as defined in HIPAA[1]; (b) PVHS trade secret or other

---

[1] Prior to production or disclosure, individually identifying information, such as name, social security number, or patient number, shall be redacted from any document, data, or other information which qualifies or may qualify as protected health information within the meaning of HIPAA. This redaction requirement shall not apply, however, to any health information concerning the Plaintiff.

confidential research, development or commercial information; (c) personnel files or documents related to current or former PVHS employees; (d) Ms. Abel's PVHS employment records or history; (e) Ms. Abel's medical information; or (f) Ms. Abel's financial information.

4. Confidential documents, materials, and/or information (collectively "CONFIDENTIAL INFORMATION") shall not, without the consent of the party producing it or further Order of the Court, be disclosed, except that such information may be disclosed to:

- (a) attorneys actively working on this case;
- (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;
- (c) the parties;
- (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;
- (e) the Court and its employees ("Court Personnel");
- (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;
- (g) deponents, witnesses, or potential witnesses; and
- (h) other persons by written agreement of the parties.

5. Documents may be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

6. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear

the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

8. The parties may retain the CONFIDENTIAL INFORMATION for a three-year period following the conclusion of the case, at which time the parties may return or destroy the documents. If a party destroys the CONFIDENTIAL INFORMATION, the destroying party shall provide all parties with written confirmation of the destruction.

9. CONFIDENTIAL INFORMATION shall be used for the sole, strict and limited purpose of the preparation and trial of this action and shall not be used for any other purpose.

10. Nothing herein shall prevent any party to this action from using, for any purpose, and in any manner, CONFIDENTIAL INFORMATION that such party produced and designated as CONFIDENTIAL INFORMATION in connection with this action.

11. Nothing herein shall preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL INFORMATION shall be treated at trial.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 26th day of October, 2010, in Denver, Colorado.

**BY THE COURT:**

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

**APPROVED:**

| **BENEZRA & CULVER, P.C.** | **SHERMAN & HOWARD, L.L.C.** |
|---|---|
| s/Seth J. Benezra | s/Heather Fox Vickles |
| _____ | _____ |
| Seth J. Benezra, Esq. | Heather Fox Vickles, Esq. |
| 274 Union Blvd., #220 | 633 17th St., #3000 |
| Lakewood, CO 80228 | Denver, CO 80202 |
| (303) 716-0254 | (303) 299-8194 |
| sjbenezra@bc-law.com | hvickles@shermanhoward.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |